UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN SEALES,

          Case No.: 12-cv-11679

v.          Honorable Gershwin A. Drain

THOMAS ZBERKOT,

    Defendant.
_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION TO ALLOW THE JURY TO INSPECT THE JAILS WHERE PLAINTIFF WAS UNLAWFULLY INCARCERATED [#113], GRANTING PLAINTIFF'S MOTION TO STRIKE UNDISCLOSED WITNESSES BILLIE BRYANT AND JASON LANE [#115], DENYING EMERGENCY MOTION TO ADJOURN TRIAL OR ALTERNATIVELY TO DELAY COMMENCEMENT OF DEFENDANT'S PRESENTATION OF PROOFS UNTIL WEDNESDAY JULY 25, 2018 [#126] AND GRANTING PLAINTIFF'S MOTION TO COMPEL AND MOTION TO SHOW CAUSE AS TO NON-PARTY, WAYNE COUNTY PROSECUTORS OFFICE, FOR FAILURE TO PRODUCE COMPLETE AND UN-REDACTED FILE [#128]</u>**

    **I.**    **INTRODUCTION**

Trial in this matter is set to commence on July 17, 2018. The Court set the instant trial date on April 2, 2018, upon the case's remand from the Sixth Circuit Court of Appeal's decision affirming this Court's denial of qualified immunity to Defendant Thomas Zberkot. The parties appeared for a final pretrial conference on June 25, 2018 and on June 26, 2018.

Presently before the Court are the parties' recently filed motions. *See* Dkt. Nos. 113, 115, 126 and 128. The Court notes the issues presented in the instant motions were not raised by the parties during the final pretrial conference in this matter. Upon review of the parties' briefing, the Court concludes that oral argument will not aid in the disposition of these matters. Accordingly, the Court will decide the motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

After careful consideration of the present motions and briefing, the Court will deny the Plaintiff's Motion to Allow the Jury to Inspect the Jails where Plaintiff was Unlawfully Incarcerated, will grant Plaintiff's Motion to Strike Defendant's Undisclosed Witnesses Billie Byrant and Jason Lane, will deny the Defendant's Emergency Motion to Adjourn Trial, or Alternatively, to Delay Presentation of Defendant's Proofs until July 25, 2018, and will grant Plaintiff's Motion to Compel and Motion to Show Cause.

## II.     LAW & ANALYSIS

### A. Plaintiff's Motion to Allow the Jury to Inspect the Jails Where Plaintiff Was Unlawfully Incarcerated

In his first motion, Plaintiff seeks an Order permitting the jury to inspect the Wayne County Jail and the Detroit Police Station lockup where he was held for a period of thirteen days. Plaintiff asserts that the average juror has not seen a jail cell block and might have difficulty understanding what Plaintiff

experienced by being unlawfully detained. Plaintiff maintains that the jury will need to view the Wayne County Jail and the police station in order to better understand his damages. In the alternative, Plaintiff requests that the Court allow counsel entry into the Wayne County Jail and Northeast Precinct lockup for the purpose of taking photographs or video of these locations.

      Conversely, Defendant maintains that if the Court were to permit the jury to view the jail and police station, this would open the door for Defendant to now cross examine Plaintiff regarding his prior incarcerations. Moreover, Defendant maintains that Defendant had no role in detaining Plaintiff in the jail or the police department lockup, therefore Plaintiff's request is irrelevant. Additionally, Defendant asserts that detainees are no longer held at the same location as where Plaintiff was originally held prior to transport to the jail. Thus, the Northeast Precinct lockup is no longer in the same state or condition as it was on January 18, 2012, the date that Plaintiff was detained. Defendant further asserts that photographs or video of the subject locations should likewise not be permitted because Plaintiff did not include such proposed exhibits on his portion of the proposed joint final pretrial order. Lastly, Defendant maintains that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, as well as will cause juror confusion and undue delay.

Based on the foregoing arguments, the Court will deny Plaintiff's request to allow the jury to view the jail or police lockup, as well as his request to take photographs and video of these locations. As an initial matter, Plaintiff's request is untimely. Moreover, the Northeast precinct is no longer in the same condition or state as it was on the date of Plaintiff's detention and there is no evidence that the Wayne County Jail has remained unchanged since Plaintiff's detention in 2012. The present motion is not only untimely but seeks to introduce evidence that is irrelevant and will likely cause needless delay and confuse the jury.

### B. Plaintiff's Motion to Strike Defendant's Undisclosed Witnesses Billie Bryant and Jason Lane

In his next motion, Plaintiff seeks to preclude previously undisclosed witnesses, Billie Bryant and Jason Lane, Detroit Police Officers, from testifying at trial. Plaintiff maintains that it was not until July 6, 2018 that Defendant disclosed his intention to introduce the testimony of these witnesses at trial, which is well beyond the deadline of March 14, 2016 for disclosure of lay witnesses and is nearly two years after the expiration of fact discovery in this matter.

Defendant counters that these witnesses were not known or available to him prior to the deadline for filing his witness list, nor prior to the close of discovery. Defendant asserts that Bryant was the detention officer at the time

Plaintiff was brought to the station for booking. Bryant was involved in fingerprinting Plaintiff and obtaining information for his intake form. Lane was the LEIN operator at the time and he checked to verify the warrant. Defendant asserts that minimal due diligence by Plaintiff would have uncovered these witnesses and Plaintiff will not be prejudiced if they are allowed to testify.

Contrary to Defendant's argument, Plaintiff will be prejudiced if Defendant is allowed to introduce two witnesses who have never been disclosed to the Plaintiff. Defendant cannot argue that the untimeliness of identifying these witnesses is due to Plaintiff's failure to perform minimal due diligence when Defendant likewise failed to engage in minimal due diligence to uncover these individuals prior to the expiration of the discovery cutoff and mere weeks before the commencement of trial. The Court will therefore grant the Plaintiff's motion to strike these witnesses and will preclude their testimony at trial.

### C. Defendant's Emergency Motion to Adjourn Trial, or Alternatively, to Delay Defendant's Presentation of Proofs until June 25, 2018

In his present motion, Defendant seeks to adjourn the trial in this matter, or alternatively to delay the presentation of his proofs until July 25, 2018 because a purported material witness, Sergeant Steve Faith, is unavailable to attend trial due to a pre-planned trip to Florida. Sergeant Faith was the task

force officer in charge of the Detroit Fugitive Apprehension Team with whom Defendant was working with at the time of Plaintiff's arrest.

Plaintiff objects to a postponement of the trial. Plaintiff further objects to Defendant's requested alternative relief to permit him to present his proofs eight days after the commencement of trial because this would prejudice Plaintiff by impacting the flow of trial and potentially cause jurors to forget Plaintiff's proofs and otherwise frustrate the trial process. Moreover, Plaintiff notes that on June 25, 2018 during the final pretrial conference, his counsel requested a short adjournment of the July 17, 2018 trial date in order to take a pre-paid vacation with his family to Canada, which was denied by this Court.

Based on the parties' briefing, the Court finds that an adjournment of this six-year old matter is unwarranted. It is simply inexplicable that counsel for Defendant was unaware of Sergeant Faith's vacation plans at any time prior to July 11, 2018. This trial has been scheduled since April 2, 2018. Defendant's counsel should have contacted Faith, a purported material witness, prior to July 11, 2018 to advise him of the July 17, 2018 trial date. Defendant is not entitled to an adjournment of the trial or to a delay for the presentation of his proofs. His motion is therefore denied.

> **D. Plaintiff's Motion to Compel and Motion to Show Cause as to Non-Party, Wayne County Prosecutor's Office, for Failure to Produce Complete and Unredacted File**

Plaintiff's last motion relates to the Wayne County Prosecutor's Office and its file on Marvin Seales/Roderick Siner, case numbers, 10-60301(Dist. Ct. No.) and 12-007235-01FC (Circ. Ct. No.). Plaintiff served a subpoena requesting the subject file on July 10, 2018.

Assistant Prosecuting Attorney Suzy Taweel timely responded and produced the file; however portions of many documents were redacted with vital information and emails from former prosecutor Shannon Walker. Plaintiff inquired as to the status of the file, and Taweel responded that the file was scanned into the computer and the original file was destroyed. Plaintiff believes that the emails from Walker still exist and can be located and produced by a diligent search which will reveal the un-redacted versions of most of the documents in the file.

Rule 45 authorizes the Court to issue an order compelling complete response and production to a subpoena. Accordingly, the Court will grant Plaintiff's Motion to Compel and Motion to Show Cause.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Allow the Jury to Inspect the Jails Where Plaintiff was Unlawfully Incarcerated [#113] is DENIED.

Plaintiff's Motion to Strike Defendant's Undisclosed Witnesses Billie Byrant and Jason Lane [#115] is GRANTED.

Defendant's Emergency Motion to Adjourn Trial, or alternatively, to Delay Commencement of Defendant's Presentation of Proofs Until Wednesday, July 25, 2018 [#126] is DENIED.

Plaintiff's Motion to Compel and Motion to Show Cause as to Non-Party, Wayne County Prosecutor's Office, for Failure to Produce Complete and Unredacted File [#128] is GRANTED. The Wayne County Prosecutor's Office shall produce the un-redacted file for Marvin Seales/Roderick Siner, case numbers: Dist. Ct. No. 10-60301 and Circ. Ct. No. 12-007235-01FC, including but not limited to the un-redacted emails from former Prosecutor Shannon Walker or SHOW CAUSE in writing, why it cannot produce same <u>no later than 1:00 p.m., on Tuesday, July 17, 2018.</u> Counsel for Plaintiff shall email and hand deliver a copy of the instant order to the Wayne County Prosecutor's Office <u>no later than 1:00 p.m. on July 16, 2018.</u>

The hearing scheduled for 2:00 p.m. on July 16, 2018 SHALL PROCEED in order to address the parties' exhibits and any outstanding authentication issues.

SO ORDERED.

Dated: July 16, 2018                             /s/Gershwin A. Drain
                                                                GERSHWIN A. DRAIN
                                                                 United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 16, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk