UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M%%%%% S%%%%%,

  Plaintiff,

v.

T%%%%% Z%%%%%,

  Defendant.

_____/

Case No. 12-cv-11679

U%%%%% S%%%%% D%%%%% C%%%%%
J%%%%
G%%%%% A. D%%%%

### ORDER GRANTING WAYNE COUNTY'S MOTION FOR RECONSIDERATION [#130]

Trial in this matter commenced on July 17, 2018. On July 16, 2018, this Court issued an order granting Plaintiff's Motion to Compel and Motion to Show Cause [#128] on non-party Wayne County Prosecutor's Office ("Wayne County"). Dkt. No. 129. That same day, Wayne County filed a Motion for Reconsideration. Dkt. No. 130.

Under this Court's Local Rules, the Court may not grant a motion for reconsideration that merely presents the same issues upon which the Court already ruled. E.D. Mich. LR 7.1(h)(3) (E.D. Mich. July 1, 2013). Additionally, the movant must demonstrate that there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. *Id.*; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a

-1-

defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)). Further, a motion for reconsideration is not a proper vehicle to advance positions that a party could have argued earlier but did not. *Smith v. Mount Pleasant Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Non-party Wayne County was in the process of drafting a response to Plaintiff's Motion to Compel and Motion to Show Cause when this Court issued its July 16, 2018 order granting the Motion. Dkt. No. 130, pg. 6 (Pg. ID 1042). In its Motion for Reconsideration, Wayne County asserts that Plaintiff sent a subpoena directly to the Wayne County Prosecutor's Office, instead of to Wayne County's Corporation Counsel on July 11, 2018. *Id.* at pg. 5 (Pg. ID 1041). Therefore, Corporation Counsel for Wayne County did not learn of the subpoena or the Motion to Compel until July 16, 2018. *Id.* at pg. 6 (Pg. ID 1042).

Wayne County further states that Plaintiff did not seek concurrence from Wayne County before filing its Motion to Compel and Motion to Show Cause. *Id.* at pg. 7 (Pg. ID 1043). Additionally, Plaintiff's subpoena came over two years after the discovery cut-off date and only one week before trial, giving Wayne County insufficient time to respond. *Id.* at pgs. 7–8 (Pg. ID 1043–44). In its prior Motion

-3-

[#128], Plaintiff also failed to explain why the redactions included in the documents Wayne County has already provided are inappropriate. *Id.* at pg. 8 (Pg. ID 1044).

Accordingly, this Court will grant Wayne County's Motion for Reconsideration [#130]. Wayne County is not required to furnish any materials not previously furnished, nor is it required to un-redact any materials previously provided to Plaintiff.

SO ORDERED.

Dated: July 18, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge
