UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN SEALES,

    Plaintiff,

v.

THOMAS ZBERKOT,
individually

    Defendant.

Case No. 4:12-cv-11679
Hon. Gershwin A. Drain

_____/

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | CALVERT A. BAILEY (P42409) |
| JAMES J. HARRINGTON, IV (P65351) | KRYSTAL CRITTENDON (P49981) |
| JAMES S. CRAIG (P52691) | Attorneys for Thomas Zberkot |
| *FIEGER LAW* | *Detroit City Law Department* |
| Attorneys for Plaintiff | 2 Woodward Avenue, Suite 500 |
| 19390 W. Ten Mile Rd. | Detroit, MI 48226-3491 |
| Southfield, Michigan 48075 | (313) 224-4550; Fax (313) 224-5505 |
| (248) 355-5555; Fax (248)355- 5148 | critk@detroitmi.gov |
| j.harrington@fiegerlaw.com | bailc@detroitmi.gov |
| j.craig@fiegerlaw.com | |

_____/

**PLAINTIFF'S AMENDED MOTION FOR SANCTIONS**

NOW COMES Plaintiff, MARVIN SEALES, by and through his counsel, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and requests that this Court impose sanctions against Defendant and his counsel for causing the mistrial declared by this Court on July 18, 2018. As discussed in the attached Brief in Support, the Court's power to impose sanction is derived from both

1

28 U.S.C. § 1927 and the inherent powers bestowed upon the district court.

Pursuant to E.D. Mich. L.R. 7.1(a), on July 19, 2018, counsel for Plaintiff attempted to contact counsel for Defendant to explain the nature of the motion and its legal basis, but concurrence was not obtained.

WHEREFORE, Plaintiff MARVIN SEALES, respectfully requests that this Court GRANT his motion and enter an award of sanctions that is reasonable, just, and consistent with the attached affidavits documenting the attorney fees incurred in readying this matter for trial for the first time.

Respectfully Submitted:

*FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.*

*s/ JAMES HARRINGTON IV*
JAMES J. HARRINGTON, IV (P65351)
JAMES S. CRAIG (P52691)
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

Dated: July 21, 2018

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARVIN SEALES,

    Plaintiff,    Case No. 4:12-cv-11679
                                        Hon. Gershwin A. Drain

v.

THOMAS ZBERKOT,
individually

    Defendant.

_____/

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | CALVERT A. BAILEY (P42409) |
| JAMES J. HARRINGTON, IV (P65351) | KRYSTAL CRITTENDON (P49981) |
| JAMES S. CRAIG (P52691) | Attorneys for Thomas Zberkot |
| *FIEGER LAW* | *Detroit City Law Department* |
| Attorneys for Plaintiff | 2 Woodward Avenue, Suite 500 |
| 19390 W. Ten Mile Rd. | Detroit, MI 48226-3491 |
| Southfield, Michigan 48075 | (313) 224-4550; Fax (313) 224-5505 |
| (248) 355-5555; Fax (248)355- 5148 | critk@detroitmi.gov |
| j.harrington@fiegerlaw.com | bailc@detroitmi.gov |
| j.craig@fiegerlaw.com | |

_____/

# BRIEF IN SUPPORT OF
# PLAINTIFF'S AMENDED MOTION FOR SANCTIONS

# INDEX OF AUTHORITIES

Cases

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ...................................................................................................5

*Laukus v. Rio Brands, Inc.*,
   292 F.R.D. 485 (N.D. Ohio 2013) ...........................................................................5

*Manion v. Am. Airlines, Inc.*,
   395 F.3d 428 (D.C. Cir. 2004) .................................................................................6

*Metz v. Unizan Bank*,
   655 F.3d 485 (6th Cir. 2011)....................................................................................5

*Pennsylvania Envtl. Def. Found. v. Canon-McMillan Sch. Dist.*,
   152 F.3d 228 (3d Cir. 1998) ....................................................................................8

*Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*,
   465 F.3d 642 (6th Cir. 2006)................................................................................3, 4

*Rentz v. Dynasty Apparel Indus., Inc.*,
   556 F.3d 389 (6th Cir. 2009)........................................................................ iii, 3, 4

*Ridder v. City of Springfield*,
   109 F.3d 288 (6th Cir. 1997)....................................................................................4

*Roadway Exp., Inc. v. Piper*,
   447 U.S. 752, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) ................................ iii, 5

*Sabatine v. Paul Revere Life Ins. Co.*,
   524 F. App'x 216 (6th Cir. 2013) ........................................................................3, 6

*Smith v. Detroit Fed'n of Teachers*,
   829 F.2d 1370 (6th Cir. 1987)..................................................................................4

Statutes

28 U.S.C. § 1927................................................................................................... passim

Rules

Fed. R. Evid. 401 ...........................................................................................................2

Fed. R. Evid. 402 ...........................................................................................................2

Fed. R. Evid. 403 ...........................................................................................................2

Fed. R. Evid. 404 ...........................................................................................................2

## STATEMENT OF ISSUES PRESENTED

I. Should Defendant and his counsel be sanctioned pursuant to this Court's inherent powers and 28 U.S.C. § 1927 for violating this Court's order *in limine,* which resulted in the mistrial that was declared on July 18, 2018?

              Plaintiff says:    Yes.

iv

## STATEMENT OF MOST RELEVANT AUTHORITY

- 28 U.S.C. § 1927: relating to the imposition of sanctions against attorneys and individuals appearing before the Court for improper conduct.

- *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395–96 (6th Cir. 2009): discussing the imposition of sanctions and the standards used in the Sixth Circuit.

- *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980): discussing this Court's inherent power to sanction a party as well as their attorney for improper conduct.

## INTRODUCTION

Plaintiff requests that sanctions be imposed against defense counsel pursuant to 28 U.S.C. § 1927 and this Court's inherent power related to the mistrial that was declared on July 18, 2018. Defendant's conduct in causing that mistrial has multiplied this proceeding in a manner that has forced the plaintiff to incur significant duplicative costs and attorney time. That mistrial was based on a completely unsolicited statement made by Defendant during trial, the subject of which had been previously addressed by this Court. Sanctions against defense counsel are proper in that defense counsel had an obligation, upon issuance of this Court's order *in limine*, to properly advise and prepare her client so that his testimony did not run afoul of this Court's rulings. That did not occur and a mistrial resulted. As discussed below, sanctions are appropriate.

## SUMMARY OF RELEVANT FACTS

On June 25, 2018, the parties came before the Court on Plaintiff's Motions in Limine. One of the motions sought to exclude any evidence or argument related to Plaintiff's alleged outstanding warrant(s). Plaintiff argued that any such evidence or argument was inadmissible pursuant to Fed. R.

1

Evid. 401, 402, and 404. Plaintiff also argued that the introduction of such evidence or argument would result in unfair prejudice in violation of Fed. R. Evid. 403. Defendant Zkerbot opposed the motion and countered that the outstanding warrant evidence is relevant to Plaintiff's claims of false arrest and detention because it shows that there was additional probable cause for Plaintiff's arrest and detention. After oral argument, the Court granted Plaintiff's motion and entered an order that excluded any evidence of any alleged outstanding warrant for Marvin Seales. (Dkt. No. 106)

On the second day of trial, Defendant Zberkot violated this Court's order *in limine.* With only thirteen questions asked of him, Officer Zberkot deliberately, intentionally, and purposefully brought to the jury's attention that Plaintiff had outstanding warrants when he said: "Well, there were other reasons to arrest Mr. Seales." (July 18, 2018 Trial Transcript, p. 48)

When Officer Zberkot's improper statements were made, Plaintiff's counsel immediately requested a sidebar with the Court and requested a mistrial based on an intentional violation of this Court's order *in limine*. After deliberating on the matter and hearing additional evidence from the witness, the Court granted a mistrial. The Court then held that Officer Zberkot had willfully violated the Court's prior order *in limine*. The case is now scheduled

2

for retrial on July 25, 2018.

As discussed below, the authorities from this Circuit establish that an award of sanctions is appropriate in this case. Because of what occurred, Plaintiff incurred thousands of dollars in costs and attorney fees preparing for and trying a case that now must be retried. Many of those same costs and attorney fees will be duplicated due to the conduct of Defendant and his counsel.

## LAW AND ANALYSIS

**I.     Defendant and his counsel should be sanctioned pursuant to this Court's inherent powers and 28 U.S.C. § 1927 for violating this Court's order *in limine*, which resulted in the mistrial that was declared on July 18, 2018.**

A district court has the power to sanction an attorney or a party for conduct that "multiplies the proceedings in any case unreasonably and vexatiously." *Sabatine v. Paul Revere Life Ins. Co.*, 524 F. App'x 216, 217–18 (6th Cir. 2013) citing *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395–96 (6th Cir. 2009) and 28 U.S.C. § 1927. Section 1927 sanctions are appropriate when counsel "objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (cleaned up) The purpose of these sanctions "is to deter

3

dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Id.* These sanctions are meant to be punitive in nature. *Id.* citing *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1378-1379 (6th Cir. 1987)

A party seeking to impose sanctions need not show that the conduct was intentional. As the *Rentz* court recognized, sanctions may be appropriate even in the absence of "conscious impropriety." *Rentz*, 556 F.3d at 396 (citation omitted). "The proper inquiry is not whether an attorney acted in bad faith; rather, a court should consider whether 'an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'" *Id.* quoting *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997).

This Court's power to sanction misconduct is derived from both 28 U.S.C. § 1927 and its inherent power. Section 1927 states that "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Such sanctions are to be levied only against attorneys and members admitted to practice before the Court. *Rentz*, 556 F.3d

at 395.

This Court's inherent power also permits it to sanction a party. *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980). This inherent power of the court can be invoked even if procedural rules exist which sanction the same conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991). In *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011), the Sixth Circuit, citing to *Roadway Express,* observed that a district court may assess attorney's fees under its inherent powers when a party's conduct is "tantamount to bad faith." *See also Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485 (N.D. Ohio 2013) (discussing the court's inherent power to sanction a party for discovery conduct when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct was tantamount to bad faith).

In the present action, there can be no dispute that the conduct of Defendant and his counsel has wasted significant resources of both this Court and Plaintiff. By causing this mistrial, Defendant and his counsel forced Plaintiff to incur thousands of dollars costs and expenses. In light of this Court's order *in limine,* Defendant was fully aware that the Court had excluded any evidence or argument of Plaintiff's alleged warrant(s). Defendant's counsel certainly knew this Court's ruling. She should have

advised and prepared her client appropriately, including advising him of the possible repercussions of violating a court order. Nevertheless, with only 13 questions asked of him, Defendant Zberkot violated this Court's order with a completely unsolicited response: "there were other reasons to arrest Marvin Seales." As this Court stated at the time, "it seemed like it was an intentional act on his part to get that in. And I see that there is good legitimate grounds for granting the mistrial." (July 18, 2018 Trial Transcript, p. 48)

Because the resulting mistrial has now needlessly and unreasonably caused a retrial in this matter, sanctions are warranted. *Sabatine v. Paul Revere Life Ins. Co.*, 524 F. App'x 216, 218 (6th Cir. 2013) See also *Manion v. Am. Airlines, Inc.*, 395 F.3d 428, 432 (D.C. Cir. 2004) (Sanctions under Section 1927 properly include attorneys' fees and expenses during trial when the opposing counsel's misconduct resulted in a mistrial).

To be clear, Plaintiff's present motion does not seek to recover all of the costs and attorney's fees he incurred during the past six years this case has been pending. Plaintiff's present motion is only seeking to recover the costs and fees which were incurred in preparation of trial and during trial. These were all costs either incurred because of the misconduct of Defendant and his counsel or that will be duplicated because of the misconduct of Defendant and

his counsel. It is because of their actions that these costs and fees were wasted and Plaintiff is now forced to incur significant additional expenses in retrying this case.

The attached affidavits document that Plaintiff has expended significant attorney time in trying this matter. Both the costs and the attorney fees are detailed in the attached declarations. (Exhibits A, B, C, D) The legal fees incurred in preparation and appearing at trial total $113,100.00 which represents 86.0 hours of billable work performed by James J. Harrington, IV., 104.0 hours of billable work performed by James S. Craig, 15.0 hours of billable work performed by Danielle Dezbor and 5.0 hours of billable work performed by Geoffrey N. Fieger.

The fees requested are reasonable because they accurately reflect the time and labor required in the prosecution of this matter. They also comport with the fees customarily charged by others for similar legal services. Calculating a reasonable attorney's fee begins by determining the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. In determining the appropriate hourly rate, the Court may consider both the attorney's usual

billing rate and the prevailing market rates in the relevant community. *Pennsylvania Envtl. Def. Found. v. Canon-McMillan Sch. Dist.*, 152 F.3d 228, 232 (3d Cir. 1998).

The hourly rates requested by Plaintiffs are reasonable. These rates are consistent with the most recent *The State Bar of Michigan 2017 Economics of Law Practice – Attorney Income and Billing Rate Summary Report* which details reasonable hourly rates for attorneys of similar credentials and ability in the locality.

In addition, Plaintiff has incurred a total $12,774.29 in litigation costs related to preparation and trial. Plaintiff submits that the jury consultant fees will have to be duplicated, as well as other costs, but not the blow-ups. These costs include filing fees ($690.60) service of witness and document subpoenas ($612.76) and jury consultant fees ($4,800.00). Of the $12,774.29 in litigation costs incurred, that Plaintiff is seeking reimbursement for $4,800.00, which will have to be duplicated. (Exhibit E)

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, Plaintiff MARVIN SEALES, respectfully requests that this Court GRANT his motion and enter an award of sanctions that is reasonable, just, and consistent with the attached affidavits and documents establishing the attorney fees and costs incurred, which will be duplicated when trial resumes on July 25, 2018.

Respectfully Submitted:

***FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.***

*s/ JAMES HARRINGTON IV*
JAMES J. HARRINGTON, IV (P65351)
JAMES S. CRAIG (P52691)
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

Dated: July 21, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ James S. Craig*
James S. Craig

9