UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN SEALES,

        Plaintiff,

                                      Case No.: 4:12-cv-11679
v.                                     Honorable Gershwin A. Drain

CITY OF DETROIT, *et al.*,

        Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT [#155], DENYING PLAINTIFF'S AMENDED MOTION FOR SANCTIONS [#148] AND FINDING PLAINTIFF'S MOTION FOR SANCTIONS MOOT[#147]

### I. INTRODUCTION

On July 27, 2018, the jury returned a verdict in favor of the Plaintiff in the amount of $3,500,000.00. Presently before the Court is Plaintiff's Amended Motion for Sanctions, filed on July 21, 2018 and Plaintiff's Motion for Entry of Judgment, filed on August 8, 2018. Defendants' filed Responses[1] to Plaintiff's present motions and Plaintiff filed a Reply in support of his Amended Motion for Sanctions. A hearing on these matters was held on September 4, 2018. For the

---

[1] Defendant improperly includes a Counter-Motion for Sanctions in his Response to Plaintiff's Amended Motion for Sanctions. *See* Electronic Filing Policies and Procedures for the E.D. of Mich., R5(f) ("[A] response or reply to a motion must not be combined with a counter-motion."). As such, Defendant's improperly filed Counter-Motion will be denied without prejudice.

reasons that follow, the Court will deny Plaintiff's Amended Motion for Sanctions and will grant Plaintiff's Motion for Entry of Judgment.

## II. FACTUAL BACKGROUND

On June 26, 2018, after oral argument, the Court granted Plaintiff's Motion in Limine to preclude evidence of Plaintiff's outstanding warrants. This matter originally started trial on July 17, 2018. On the second day of trial, Defendant Zberkot began his testimony. During Plaintiff's counsel's direct examination, Zberkot brought to the jury's attention that Plaintiff had outstanding warrants when he said: "Well, there were other reasons to arrest Mr. Seales." Plaintiff's counsel immediately requested a sidebar to discuss Zberkot's failure to comply with this Court's June 26, 2018 Order. Thereafter, counsel moved for a mistrial, which the Court granted after oral argument from the parties. The second trial in this matter began a week later, on July 24, 2018.

## III. LAW & ANALYSIS

### A. Plaintiff's Amended Motion for Sanctions

Plaintiff argues that the conduct of Defendant and his counsel have wasted significant resources of both this Court and Plaintiff. By causing the mistrial, Plaintiff incurred thousands of dollars in costs and expenses. Plaintiff's counsel

seeks sanctions in the amount of the attorney's fees incurred in preparation of trial and during trial totaling $113,100.00 and costs in the amount of $13,487.61.

Defendant counters that sanctions are unwarranted because Plaintiff's counsel, at the very least, opened the door for Zberkot's testimony regarding Plaintiff's warrants and, at worst, attempted to get Zberkot to lie under oath. Moreover, Defendant maintains that sanctions are inappropriate because the Court should not have granted the mistrial, but instead provided a curative instruction.

Title 28 U.S.C. § 1927 states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Court's inherent power also permits it to sanction a party. *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980). The Sixth Circuit has held that a district court may assess attorney's fees under its inherent powers when a party's conduct is "tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011).

Here, an award of sanctions is inappropriate. While Defendant violated this Court's order, it is also true that Plaintiff's counsel asked a very non-precise question during the following exchange:

Q: This man spent 14 nights and 15 days in jail; is that correct?

| | | |
|---|---|---|
| A: | Yes, sir. | |
| Q: | And when he should have been free? | |
| A: | Well, there were other reasons to arrest Mr. Seales. | |

Ex. A, Zberkot Testimony at p.48. The Court finds that the resulting mistrial cannot be attributed solely to the bad faith conduct of Defendant or his counsel. Moreover, while there may have been some duplication with regard to trial preparation, the trial was rescheduled to begin the next week. As such, this is not a situation where counsel would have to wholly duplicate his trial preparation because a lengthy period of time elapsed between the first and the second trials. Therefore, the Court declines to impose sanctions.

### B. Plaintiff's Motion for Entry of Judgment

Defendant seeks to prevent the entry of Plaintiff's proposed judgment by raising various objections: (1) Plaintiff is not entitled to prejudgment interest, (2) Plaintiff is not entitled to prepetition attorney fees, and (3) Plaintiff is not entitled to attorney fees between the lifting of the bankruptcy stay and the dismissal of the City of Detroit.

The purpose of prejudgment interest is "to compensate the plaintiff for the delay between the time the cause of action arose and the verdict." *Conte v. General Housewares Corp.*, 215 F.3d 628, 640 (6th Cir. 2000). Prejudgment interest "serves to compensate for the loss of the use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full

compensation for the injury those damages are intended to redress." *West Virginia v. United States*, 479 U.S. 305, 312 n.4 (1987). "[T]he determination of the prejudgment interest rate [is] within the sound discretion of the district court." *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 619 (6th Cir. 1998). Courts have considered the following factors in exercising this discretion:

> (1) the need to fully compensate the wronged party for actual damages suffered; (2) consideration of fairness and the relative equities of the award; (3) the remedial purpose of the statute involved; and/or (4) such other general principles as are deemed relevant by the court.

*Beck v. Manistee Cty.*, No. 1:97-CV-533, 2005 WL 2620194, at *7 (W.D. Mich. 2005) (noting that "prejudgment interest is often a component of complete compensation and that in light of § 1983's remedial purpose, interest is often included in the damages award."). "[P]rejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable." *Laborers Pension Trust Fund-Detroit and Vicinity v. Family Cement*, 677 F. Supp. 896, 898 (E.D. Mich. 1987).

Defendant argues that Plaintiff is not entitled to prejudgment interest because he received a verdict for noneconomic compensatory damages. Citing to an Eastern District of Pennsylvania case, Defendant argues that because there was no evidence presented that Plaintiff suffered any economic damages, he is not entitled to prejudgment interest. *See Robinson v. Fetterman*, 387 F. Supp.2d 483

5

(E.D. Pa. 2005). *Robinson* is not controlling on this court. The Court has searched for an analogous case on point from the Sixth Circuit and it appears that no such authority exists. Without controlling authority precluding an award of prejudgment interest, it would appear that the Court may, in its discretion award such interest. However, the Court need not address this issue at this juncture as Plaintiff intends to file a separate motion seeking pre-judgment interest. With that in mind, the Court notes that if Plaintiff is aware of any §1983 cases involving false arrest and unlawful detention where the court awarded prejudgment interest, he should apprise the Court of these decisions.

Defendant's remaining arguments concern the Plaintiff's right to attorney fees. Without citing any authority, Defendant asserts that Plaintiff is not entitled to pre-petition attorney fees nor attorney fees from the lifting of the bankruptcy stay until the dismissal of the City of Detroit. However, these arguments are premature similar to the Defendant's argument concerning prejudgment interest. Entry of the proposed judgment does not set an award amount concerning attorney fees and prejudgment interest, rather it merely states that the Court retains jurisdiction to determine the amounts of prejudgment interest and attorney fees. None of the arguments raised by Defendant present a justification for delaying entry of Plaintiff's proposed judgment in this matter.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Plaintiff's Amended Motion for Sanctions [#148] is DENIED, Plaintiff's Motion for Sanctions [#147] is MOOT, and Plaintiff's Motion for Entry of Judgment [#155] is GRANTED.

SO ORDERED.

Dated: September 5, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 5, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk